IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 9:22-CR-00001-MAC |
| v. | § |
| | § |
| | § |
| MICHAEL MCDANIEL, | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 10, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael McDaniel. The government was represented Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Possession with intent to Distribute More Than Five Grams of Methamphetamine, a Class B felony. This offense carried statutory maximum imprisonment terms of 40 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of I, was 30 to 37 months. On July 7, 2020, U.S. District Judge Nelva Gonzales Ramos of the Southern District of Texas sentenced Defendant to 24 months imprisonment, followed by a period of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing. On August 19, 2021, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas, Lufkin Division. Thereafter, on January 15, 2022, a transfer of jurisdiction of the case was accepted by the Eastern District of Texas, Lufkin Division.

Under the terms of supervised release, Defendant was required to refrain from any unlawful possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release: (1) on October 29, 2021 when the U.S. Probation Office received sweat patch testing results from the lab confirming Defendant tested positive for methamphetamine and marijuana; (2) on June 21, 2023 when Defendant admitted to using Vicodin without a prescription; (3) on June 29, 2023 when Defendant tested positive for methamphetamine; and (4) on July 6, 2023 when Defendant tested positive for amphetamines and barbiturates. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code § 481.115 and have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by the unlawful possession of a controlled substance as alleged in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 5 months plus 30 days of unserved time in a community rehabilitation center with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true be accepted and that he be imprisoned for 5 months plus 30 days with no supervised release to follow. The court further

**RECOMMENDS** that Defendant serve his sentence at FCI Seagoville, TX, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 10th day of June, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE